IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNATHAN LARGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-1255-F |
| ) | |
| BECKHAM COUNTY ) | |
| DISTRICT COURT, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, has initiated the present action under 42 U.S.C. § 1983 accusing the Beckham County District Court of "liable slander."[1] Doc. 1, at 1-2. United States District Court Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). For the reasons that follow, the undersigned recommends that, on screening, the Court dismiss the complaint without prejudice.

**I. Plaintiff's complaint.**

Plaintiff alleges that "court documents labled me arrested with indecent exposure . . . with a minor" and he is now "called a Delusional Childmolester." Doc. 1, at 2. Plaintiff claims that the "liable slander" is "all

---

[1] Unless otherwise indicated, the undersigned has reproduced all quotations verbatim.

because of Beckham Co. District Court." *Id.* Plaintiff seeks $5,000.00 a day for every day that he has been called a child molester. *Id.* at 3.

## II. Screening.

Because Plaintiff has sued a government entity, the Court has a duty to screen the complaint. *See* 28 U.S.C. § 1915A(a). To that end, the Court must dismiss a claim if it: (1) fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1)-(2).

## III. Plaintiff's request for monetary relief.

As noted above, Plaintiff seeks monetary relief from the Beckham County District Court. However, that entity – the only named defendant – is immune from such relief.

In Oklahoma, state district courts operate as arms of the State. *See* Okla. Const. Art. 7, § 7; *see also Edward v. Whetsel*, No. CIV-08-134-F, 2009 WL 368487, at *4 (W.D. Okla. Feb. 13, 2009) (unpublished order) ("[D]istrict courts in the State of Oklahoma operate as arms of the State"). And, unless the State unequivocally waives its Eleventh Amendment immunity, it prevents an award of money damages against the State of Oklahoma or any of its entities. *See Guttman v. Khalsa*, 669 F.3d 1101, 1110 (10th Cir. 2012) ("Although a state may waive the sovereign immunity granted to it under the Eleventh Amendment, we require a showing of unequivocal intent to do so.");

2

*Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (noting that the Eleventh Amendment's protection encompasses States and "state agencies"). So, the Eleventh Amendment bars Plaintiff's claims against Beckham County District Court. *See Edward*, 2009 WL 368487, at *4 ("Plaintiff's claims against the District Court of Oklahoma County are, in essence, claims against the State of Oklahoma[,]" and because the State did not expressly waive its Eleventh Amendment immunity, the Eleventh Amendment bars "Plaintiff's § 1983 claim for damages against the District Court of Oklahoma County"); *Albright v. Colorado*, No. 12-cv-02174-BNB, 2012 WL 5904310, at *5 (D. Colo. Nov. 26, 2012) (unpublished order) (holding that State entities, "such as the Seventeenth Judicial District, are protected by Eleventh Amendment immunity" absent the State's "unmistakable waiver of its Eleventh Amendment immunity").

Because Plaintiff's only named defendant is immune from monetary relief in a § 1983 action, the undersigned recommends dismissing his complaint without prejudice. *See* 28 U.S.C. § 1915A(b)(2).

## IV. Recommendation and notice of right to object.

Plaintiff cannot maintain his claims for monetary relief against his only named defendant – Beckham County District Court. Thus, the undersigned recommends that the Court, on screening, dismiss Plaintiff's complaint without prejudice. With the Court's adoption of this recommendation,

3

Plaintiff's pending motions for leave to proceed in forma pauperis, Docs. 2, 6, would become moot.

Plaintiff is advised of his right to file an objection to the report and recommendation with the Clerk of this Court by December 31, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned in the present case.

IT IS SO ORDERED this 11th day of December, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE